UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED ZARE,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE,<br><br>　　　　　　　　　Respondent. | Case No. 26-cv-732-JES-DDL<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

　　　Before the Court is Petitioner Mohammed Zare's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.

　　　Petitioner is a native of Iran who is currently being detained at Otay Mesa Detention Center. ECF No. 1. He claims to have been detained now for over 10 months, with no intention to be released in the future. *Id.*

　　　Upon consideration of a habeas petition under § 2241, the court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false." *Kourteva v. I.N.S.*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citing *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)).

1    Here, the only fact that Petitioner has presented to the Court is long how he has been
2 detained for. In *Zadvydas*, the Supreme Court held that when the government is unable to
3 remove an alien within 90 days, the alien may seek review of the reasonableness of their
4 continued detention under the due process clause through petition for writ of habeas corpus.
5 533 U.S. at 687. The Court instructed habeas courts to analyze whether continued detention
6 beyond the 90-day period "exceeds a period reasonably necessary to secure removal,"
7 based on "the [removal detention] statute's basic purpose, namely, assuring the alien's
8 presence at the moment of removal." *Id.* at 699. The Court has held that it is presumptively
9 reasonable for the government to detain an alien for a period of 6 months while it works to
10 effectuate his removal after issuing a final order of removal against him. *Id.* at 701. Beyond
11 that period, "if removal is not reasonably foreseeable, the court should hold continued
12 detention unreasonable and no longer authorized by statute" and grant the petition for writ
13 of habeas corpus. *Id.* at 699-700.

 The Court is missing crucial information from the Petitioner in order to evaluate his claims of prolonged detention. For example, Petitioner does not indicate how he entered the United States in the first place, whether he was ever given any parole, the manner under which he was detained, or what stage his removal proceedings are currently at and whether he is subject to a final order of removal. Without more information, the Court cannot find that he states a claim in his petition as it stands.

 For the reasons discussed above, the Court **DENIES** the Petition without prejudice. The Clerk is directed to close the case.

 **IT IS SO ORDERED.**

Dated: February 12, 2026

Honorable James E. Simmons Jr.
United States District Judge